## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| In re: | ) |
| | ) |
| DWIGHT SAMUEL MULBERRY AND JONI MICHELLE MULBERRY | ) Case No. 23-10804-JGR ) |
| | ) Chapter 7 |
| Debtor. | ) |
| | ) |
| ROGER AND SANDRA EWER, | ) |
| | ) Adv. Proc. No. 23-01138-JGR |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| DWIGHT SAMUEL MULBERRY JONI MICHELLE MULBERRY, | ) ) |
| | ) |
| Defendants. | |

**MOTION TO DISMISS COMPLAINT PURSUANT TO FED. R. CIV. P. 12(b)(6)**

Dwight Samuel Mulberry and Joni Michelle Mulberry (the "Mulberrys"), through undersigned counsel appearing through the Faculty of Federal Advocates, file this Motion to Dismiss and state as follows:

### INTRODUCTION

According to the complaint, the Mulberrys were the owners of Craftsman Homes & Interiors LLC ("Craftsman"). Plaintiffs Roger and Sandra Ewer (the "Ewers") entered into an agreement with Craftsman (the "Agreement") for Craftsman to purchase a lot and build a house on the lot to sell to the Ewers. Under the Agreement, the Ewers paid $50,000 to Craftsman. The Ewers allege that Craftsman breached the agreement by failing to complete the house and transfer the property to the Ewers. The Ewers then use unsupported legal conclusions to attempt to turn a breach of contract by Craftsman into fraud and worse.

As demonstrated below, the Ewers fail to allege facts (as opposed to legal conclusions) to support each element of their claims. As a result, even taking the factual allegations in the

complaint as true (as opposed to the unsupported legal conclusions), the Ewers would not be entitled to judgment based on the allegations in the complaint and the claims in the complaint must be dismissed under Fed. R. Civ. P. 12(b)(6).

## I. MOTION TO DISMISS STANDARD

The purpose of a motion to dismiss is to "assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Sutton v. Utah State Sch. for the Deaf & Blind,* 173 F.3d 1226, 1236 (10th Cir.1999) (citation omitted). To survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a plaintiff "must allege enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A plaintiff must provide "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action," *Id*. at 555. While the court accepts the factual allegations in the complaint as true, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678.

If the "well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a claim must be dismissed. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Plausibility refers to the "scope of the allegations in a complaint— *i.e.,* if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Robbins v. Oklahoma,* 519 F.3d 1242, 1247–48. (10th Cir. 2008) (internal quotations omitted). The "allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id*. A plausible claim must, therefore, "sufficiently allege[] facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (internal quotation omitted).

## II.     ELEMENTS OF THE EWERS' CLAIMS

The Ewers assert claims under 11 U.S.C. §§ 523(a)(2)(A) and 523(a)(4). The statutory language and elements of each of the Ewers' claims are identified and addressed in turn below.

### A.     NON-DISCHARGEABILITY UNDER 523(A)(2)(A)

Pursuant to 11 U.S.C. § 523:

> A discharge under section 727, 1141, 1192, 1228(a), 1228(b), or 1328(b) of this title [11 USCS § 727, 1141, 1192, 1228(a), 1228(b), or 1328(b)] does not discharge an individual debtor from any debt—
>
>> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by—
>>
>>> (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;

11 U.S.C. § 523(a)(2).

The elements of a claim under 11 U.S.C. § 523(a)(2)(A) are that the debtor incurred a debt by which: (1) the debtor made a false representation; (2) the debtor made the representation with the intent to deceive (3) the creditor; the creditor relied on the representation; (4) the creditor's reliance was justifiable; and (5) debtor's representation caused the creditor to sustain a loss. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1373 (10th Cir. 1996).; *Johnson v. Riebesell (In re Riebesell)*, 586 F.3d 782, 789 (10th Cir. 2009); *Glencove Holdings, LLC v. Bloom (In re Bloom)*, No. 22-1005, 2022 U.S. App. LEXIS 19089, at *18 (10th Cir. July 12, 2022); *Field v. Mans,* 516 U.S. 59, 74-75 (1995) (reliance need only be "justifiable"). To be actionable under § 523(a)(2)(A), the false representation cannot be a "statement respecting the debtor's or an insider's financial condition." 11 U.S.C. § 523(a)(2)(A); *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1761 (2018). As demonstrated below, each of the Ewers' claims under § 523(a)(2)(A) must be

3

dismissed because the Ewers fail to include factual allegations (as opposed to legal conclusions) that either of the Mulberrys made actionable misrepresentations.

i.       FRAUD AND MISREPRESENTATION

For their first claim for relief in paragraphs 30 through 37 of the complaint, the Ewers parrot the elements of the claim without supporting factual material. That formulaic recitation of the elements cannot alone state a claim and the general allegations in paragraphs 7 through 28 do not provide the necessary factual allegations.

In a nutshell, the Ewers allege that Dwight Mulberry induced the Ewers to enter into the Agreement and pay Craftsman the $50,000 by (1) representing that Craftsman had the ability and funds to perform under the Agreement, (2) that Dwight Mulberry failed to disclose that neither he nor Craftsman had the funds to purchase the lot, (3) that Craftsman did purchase the lot shortly after the Agreement was executed, (4) that the Mulberrys failed to disclose that Craftsman borrowed money to purchase the lot, and (5) that Craftsman breached the Agreement. While the Ewers' complaint would state a claim for relief against Craftsman for breach of contract, it fails to allege factual material that either of the Mulberrys made an actionable misrepresentation.

Any representation that by Dwight Mulberry that he or Craftsman had sufficient funds is a statement about the financial condition of the debtor or an insider[1]. *Lamar, Archer & Cofrin, LLP v. Appling*, 138 S. Ct. 1752, 1761 (2018) ("a statement is 'respecting' a debtor's financial condition if it has a direct relation to or impact on the debtor's overall financial status. A single asset has a direct relation to and impact on aggregate financial condition, so a statement about a single asset bears on a debtor's overall financial condition and can help indicate whether a debtor is solvent or insolvent, able to repay a given debt or not. Naturally, then, a statement about a single asset can

---

[1] The Ewers allege that Craftsman is 100% owned by the Mulberrys, which makes Craftsman an insider under 11 U.S.C. § 101(31)(A)(iv).

be a 'statement respecting the debtor's financial condition.'"). An alleged misrepresentation about financial condition is actionable only under § 523(a)(2)(B) and then only if the representation is in writing. The Ewers do not allege either of the Mulberrys made such a representation in writing. Thus, the allegation that Dwight Mulberry represented anything about his or Craftsman's financial condition, or that either of the Mulberrys omitted information about financial condition, cannot support the Ewers' first claim for relief.

For a fraud claim, the Ewers are required to allege the circumstances constituting fraud with specificity as required by Fed. R. Civ. P. 9(b). The Ewers have failed to give the who, what, where, and when of how the breach of contract is somehow fraud. *See, e.g., Farlow v. Peat, Marwick, Mitchell & Co.*, 956 F.2d 982, 986 (10th Cir. 1992) (identifying the basic requirements of Rule 9(b); *Lawrence Nat'l Bank v. Edmonds (In re Edmonds*), 924 F.2d 176, 180 (10th Cir. 1991) (stating that Rule 9(b) requires a fraud claimant to "set forth the time, place and contents of the false representation, the identity of the party making the false statement and the consequences thereof."). It is not sufficient to simply refer generally to statements and lump defendants together. *Koch v. Koch Indus.*, 203 F.3d 1202, 1236 (10th Cir. 2000). But for their complaint, the Ewers do not allege that Joni Mulberry made any representation to at all to the Ewers prior to the Agreement or the Ewers' payment of $50,000 to Craftsman.

The Ewers' first claim for relief fails to allege "facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007). The Ewers' complaint also lacks the particularity required by Rule 9(b). As a result, the first claim for relief must be dismissed under Fed. R. Civ. P. 12(b)(6) for failing to state a claim.

      ii.      FALSE PRETENSES

For their second claim for relief, the Ewers allege the Mulberrys engaged in "false pretenses." Like the first claim for relief, the Ewers' second claim for relief is a formulaic recitation of the legal standard for false pretenses, without supporting factual allegations. Turning to the Ewers' general allegations yields the same result as for the first claim for relief—the Ewers do not allege any actionable representations or omissions by either of the Mulberrys. And again the Ewers fail to comply with Rule 9(b).

Even liberally interpreting the Ewers' second claim for relief as suggesting that Mulberrys committed fraud because they lacked the intent to cause Craftsman to perform, they fail to state a claim. The elements for a claim of fraudulent inducement are: "(1) the defendant's misrepresentation of a material fact; (2) the plaintiff's justifiable reliance on that misrepresentation; and (3) such reliance resulting in damage to the plaintiff. *Kirzhner v. Silverstein*, 09-cv-02858-CMA-BNB, 2011 U.S. Dist. LEXIS 106139, at *28 (D. Colo. Sep. 20, 2011) citing *J.A. Walker Co., Inc. v. Cambria Corp.*, 159 P.3d 126, 132 (Colo. 2007). The intention to not perform an agreement can form the basis of a fraudulent inducement claim only if "coupled with a present intention not to fulfill that promise." *Kirzhner*, at *28 quoting *H & H Distribs., Inc. v. BBC Int'l, Inc.*, 812 P.2d 659, 662 (Colo. App. 1990). The Ewers fail to allege any factual material to support a conclusion that the Mulberrys lacked the intent to perform at the time the Agreement was made.

In general, "courts are justifiably loathe to allow tort claims and damages in actions that are fundamentally about enforcing legitimate business expectations rather than vindicating social policy." *Kirzhner*, at *31-32 (internal quotation omitted). An allegation that a party lacked the intent to perform is a legal conclusion not entitled to a presumption of truth. *See, e.g, Kirzhner*, at *28; *Areias v. Applied Underwriters, Inc.*, No. 21-cv-00023-JST, 2021 U.S. Dist. LEXIS 262098,

at *25-26 (N.D. Cal. Oct. 19, 2021). Further, for a claim based on an alleged lack of intent to perform an agreement, "plaintiff must provide some factual basis for conclusory allegations of intent. Proof of fraudulent intent must be based on more than mere showing of later nonperformance of the alleged promise." *Kirzhner*, at *30-31. "The fact that someone ultimately breaches a contract does not provide any factual support for an allegation that the person intended to breach the contract at the time of contract formation." *Id.* "An intention not to perform under an agreement cannot be "established solely by proof of . . . nonperformance [], nor does the promisor's failure to perform the agreement throw upon him the burden of showing that his nonperformance was due to reasons which operated after the agreement was entered into." *Chevy Chase Bank FSB v. Kukuk (In re Kukuk)*, 225 B.R. 778, 786 (B.A.P. 10th Cir. 1998) (quotations omitted). But that is exactly what the Ewers appear to assert in paragraph 40.

At its core, the Ewers' complaint rests on the allegation that Craftsman breached the Agreement. That is not fraud, that is a breach of contract. The Ewers have failed to "allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed" (*Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007)) for their false pretenses claim under 11 U.S.C. § 523(a)(2). The Ewers' second claim for relief under 11 U.S.C. § 523(a)(2)(A) must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim. The Ewers' false pretenses claim also fails to comply with Rule 9(b).

### iii. LIABILITY FOR PARTNER'S FRAUD

In the third claim for relief under § 523(a)(2)(A), the Ewers assert that each of the Mulberrys is liable for the fraud of the other pursuant to *Bartenwerfer v. Buckley*, 143 S. Ct. 665 (2023). As demonstrated above, the Ewers' complaint fails to allege even the basics to state a claim

7

for fraud, but in any event, *Bartenwerfer* is not applicable in this case because the Ewers allege that Craftsman is a limited liability company, not a partnership.

In *Bartenwerfer*, the debtor had an actual general partnership with her then boyfriend, who committed fraud in the partnership's business. *Id.* A state court judgment entered against the debtor because applicable state law makes partners liable for the debts of the partnership. The debtor in *Bartenwerfer* filed her bankruptcy case because of a state court judgment against her for the debt her partnership owed for fraud. *Id.* The issue in *Barterwerfer* was whether § 523(a)(2)(A) excepted the debt from discharge despite the debtor not making any misrepresentation. *Id.* The Supreme Court held that the state court judgment making the debtor liable for the partnership's fraud in *Bartenwerfer* was non-dischargeable under § 523(a)(2)(A). *Id. Bartenwerfer* is not a basis for debts to be non-dischargeable here because "§523(a)(2)(A) does not define the scope of one person's liability for another's fraud. That is the function of the underlying law—here, the law of California. Section 523(a)(2)(A) takes the debt as it finds it, so if California did not extend liability to honest partners, §523(a)(2)(A) would have no role to play….." *Id.*, at 675.

The Ewers allege that Craftsman is a limited liability company, not a partnership. Complaint, at ¶ 8. Unlike the partnership law that resulted in the state court judgment in *Bartenwerfer*, Colorado's limited liability company act shields members from liability of the LLC's debts. Colo. Rev. Stat. § 7-80-705 ("members and managers of limited liability companies are not liable under a judgment, decree, or order of a court, or in any other manner, for a debt, obligation, or liability of the limited liability company.").

As a result, the Ewers have failed to "allege facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed" (*Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007)) for their "*Bartenwerfer*" claim under 11 U.S.C. § 523(a)(2). The Ewers'

third claim for relief under 11 U.S.C. § 523(a)(2)(A) must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failing to state a claim.

### B. NON-DISCHARGEABILITY UNDER 523(A)(4)

Pursuant to 11 U.S.C. § 523(a)(4), a debtor may not discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny." As demonstrated below, the Ewers fail to allege factual material to support each element of a claim under any of them.

#### i. DEFALCATION OF A FIDUCIARY

A claim for defalcation while acting in a fiduciary capacity requires: (1) a fiduciary relationship, and (2) a defalcation. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996). Whether a fiduciary relationship exists for purpose of § 523(a)(4) is determined under federal law. *Fowler Bros. v. Young (In re Young)*, 91 F.3d 1367, 1371 (10th Cir. 1996). Under federal law, "an express or technical trust must be present for a fiduciary relationship to exist under § 523(a)(4)." *Id.*

The Ewers allege that the Mulberrys violated Colorado mechanic's lien trust fund statute, Colo. Rev. Stat. § 38-11-127 (the "Trust Fund Statute"). For the purpose of this motion, the Mulberrys acknowledge that courts have held the Trust Fund Statute creates a technical trust that can create a fiduciary duty. *See, e.g., Pino v. Jensen (In re Jensen)*, Nos. 16-21724, 17-01078, 2019 Bankr. LEXIS 1774, at *20 (B.A.P. 10th Cir. June 7, 2019). However, the Ewers are not beneficiaries of the trust created in the Trust Fund Statute and were not damaged by any alleged violation of the Trust Fund Statute. The only beneficiaries of the Trust Fund Statute identified in the statute or recognized by courts are subcontractors, laborers, material suppliers, and owners. *In re Regan*, 151 P.3d 1281, 1286 (Colo. 2007); *Yale v. AC Excavating, Inc.*, 295 P.3d 470, 475, (Colo. 2013);

9

*Syfrett v. Pullen*, 209 P.3d 1167, 1171 (Colo. App. 2008) ("we conclude that the property owner of a construction project, as well as the subcontractors, material suppliers, and laborers, has a legally protected interest to enforce the trust created by the Trust Fund Statute upon funds disbursed by the owner to a general contractor.").

The Ewers allege in the complaint that the lot on which Craftsman was to build the house was owned by a third party at the time of the Agreement, that Craftsman would purchase the property, and that Craftsman did purchase the property one month[2] after the Ewers paid Craftsman $50,000 (Complaint, at ¶¶ 8-11, 16). The Ewers were not owners, subcontractors, laborers, or material suppliers. As a result, the Ewers lack standing to assert a claim for a violation of the Trust Fund Statute. *Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992) ("To have standing, a party must have suffered an injury—an invasion of a legally protected interest—that is caused by the conduct complained of and redressable by the court.").

Even if the Ewers had standing, the complaint does not contain any factual allegations to support the defalcation or fraud requirement. Defalcation requires "an intentional wrong" that the "fiduciary knows is improper" or "reckless conduct of the kind that the criminal law often treats as the equivalent. Where actual knowledge of wrongdoing is lacking, we consider conduct as equivalent if the fiduciary consciously disregards (or is willfully blind to) a substantial and unjustifiable risk." *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273-74 (2013); *see also In re Karch*, 501 B.R. 403, 407 (Bankr. D. Colo. 2013). A risk is substantial and unjustifiable if it is of "such a nature and degree that, considering the nature and purpose of the actor's conduct and the circumstances known to him, its disregard involves *a gross deviation* from the standard of conduct that a law-abiding person would observe in the actor's situation." *Id.* In short, "defalcation by a

---

[2] Page 9 of Exhibit A to the complaint contains a check from the Ewers to Craftsman dated June 24, 2020.

fiduciary requires a culpable state of mind involving knowledge of, or gross recklessness in respect to, the improper nature of the fiduciary behavior." *Dampier v. Credit Invs., Inc. (In re Dampier)*, Nos. CO-15-006, 14-24526, 2015 Bankr. LEXIS 3800, at *18-19 (B.A.P. 10th Cir. Nov. 5, 2015).

In the fourth claim for relief, the Ewers allege that "the Mulberrys knew their failure to hold the funds in trust was a violation of their fiduciary duty." Complaint, at ¶ 51. While Rule 9(b) permits knowledge to be alleged generally, *Twombly, Iqbal*, and *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) require factual allegations to support legal conclusions. The Court in *Iqbal* stated "Rule 9 merely excuses a party from pleading discriminatory intent under an elevated pleading standard. It does not give him license to evade the less rigid--though still operative--strictures of Rule 8." *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009). "And Rule 8 does not empower respondent to plead the bare elements of his cause of action, affix the label 'general allegation,' and expect his complaint to survive a motion to dismiss." *Id.*

The allegation that the Mulberrys "knew their failure to hold the funds in trust was a violation of their fiduciary duty," is a legal conclusion couched as a factual allegation. *See, e.g., Inhale, Inc. v. Gravitron, LLC*, No. 1-18-CV-762-LY, 2018 U.S. Dist. LEXIS 223241, at *9 (W.D. Tex. Dec. 10, 2018 ("Inhale's complaint alleges Gravitron 'had and continues to have actual and constructive notice of the ['563] Patent" and chose to infringe 'with full knowledge' of the '563 Patent. Inhale's allegations of Gravitron's knowledge are "legal conclusion[s] couched as factual allegation[s]" that the court need not accept as true."); *McQueen v. BMW of N. Am., LLC*, Civil Action No. 12-6674 (SRC), 2013 U.S. Dist. LEXIS 123232, at *20 (D.N.J. Aug. 29, 2013) ("The notion that Defendants 'have been and remain on notice of the Vehicles' defective and dangerous electronically controlled transmission system; is nothing more than a legal conclusion, insufficient under *Iqbal* and *Twombly* to constitute the required knowledge….").

The complaint contains no factual allegations to support a plausible inference that either of the Mulberrys knew of the Trust Fund Statute or the duties it imposes. Nothing else in the fourth claim for relief relates to the defalcation element of a claim under § 523(a)(4). Moreover, nothing in the general allegations relates to the defalcation element.

Because the complaint fails to contain factual allegations to support both essential elements of a defalcation claim (the fiduciary duty and the defalcation), it fails to state a claim. *Lane v. Simon,* 495 F.3d 1182, 1186 (10th Cir. 2007) (a plausible claim must "sufficiently allege[] facts *supporting all the elements* necessary to establish an entitlement to relief under the legal theory proposed.").

### ii. EMBEZZLEMENT OR LARCENY

The Ewers allege that the "Mulberrys' violation of C.R.S. 38-22-127 constitutes civil theft pursuant to C.R.S. § 38-22-127(5) and C.R.S. §18-4-401." Complaint, at ¶ 53. Some courts have concluded theft under Colorado's statute (Colo. Rev. Stat. § 18-4-401) is equivalent to larceny under federal law. *Bryant v. Lynch (In re Lynch)*, 315 B.R. 173, 181 (Bankr. D. Colo. 2004). However, the Ewers are not beneficiaries of the Trust Fund Statute, and, even if they were, their complaint does not factual allegations to establish any of the elements of theft.

For the purpose of determining dischargeability under § 523(a)(4), embezzlement and larceny are determined under federal law, but the bankruptcy code provides no definitions of larceny or embezzlement. Most courts have concluded that larceny and embezzlement claims are similar—the primary difference is that with embezzlement, "the debtor initially acquires the property lawfully, whereas larceny requires that the funds originally come into the debtor's hands unlawfully." *Alternity Capital Offering 2, LLC v. Ghaemi (In re Ghaemi)*, 492 B.R. 321, 325 (Bankr. D. Colo. 2013) quoting *Bombardier Capital, Inc. v. Tinkler (In re Tinkler)*, 311 B.R. 869,

876 (Bankr. D. Colo. 2004). An embezzlement claim under § 523(a)(4) has five elements: "1. Entrustment (property lawfully obtained originally); 2. Of property; 3. Of another; 4. That is misappropriated (used or consumed for a purpose other than that for which it was entrusted); 5. With fraudulent intent." *Ghaemi*, 492 B.R. at 325 quoting *Bryant v. Tilley (In re Tilley)*, 286 B.R. 782, 789 (Bankr. D. Colo. 2002).

Most courts have concluded that, with respect to the intent requirement, both larceny and embezzlement require "fraud in fact, involving moral turpitude or intentional wrong, rather than implied or constructive fraud." *Ghaemi*, 492 B.R. at 325 quoting *Driggs v. Black (In re Black)*, 787 F.2d 503, 507 (10th Cir. 1986); *see also Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273 (2013). Federal common law also describes the intent requirement as "*animus furandi* or intention to steal." *Bryant v. Lynch (In re Lynch)*, 315 B.R. 173, 181 (Bankr. D. Colo. 2004) (internal citations omitted). Regardless of how the intent/scienter requirement for larceny and embezzlement is measured, it is clear from the Supreme Court's reasoning in *Bullock* that defalcation requires a "culpable state of mind requirement akin to that which accompanies application of the other terms in the same statutory phrase," (*Bullock*, 569 U.S. at 269), that larceny and embezzlement require no lower an intent standard than defalcation.

The Ewers are not beneficiaries of Colo. Rev. Stat. § 38-22-127 because they are neither owners nor subcontractors. *See e.g., In re Regan*, 151 P.3d 1281, 1286 (Colo. 2007); *Yale v. AC Excavating, Inc.*, 295 P.3d 470, 475, (Colo. 2013). Even if they were beneficiaries, section 5 of the Trust Fund Statute is inconsistent with the Colorado Supreme Court's holding in *People v. Mendro*, 731 P.2d 704, 706-707 (Colo. 1987) that each element of theft under Colo. Rev. Stat. § 18-4-401 must be proved, irrespective of what the Trust Fund Statute provides. In any event, the

13

Ewers have not alleged any facts to support the requirements of Colorado's theft statute, Colo. Rev. Stat. § 18-4-401.

## CONCLUSION

The Ewers fail to allege sufficient factual material to support each element of their claims. The Ewers' claims under § 523(a)(2) are based only on unsupported legal conclusions or alleged representations about the financial condition of Dwight Mulberry or Craftsman. The Ewers' claim under § 523(a)(4) fails to state a claim because they are not beneficiaries of the Trust Fund Statute and even if they were, they have failed to allege any factual material to support the intent element of defalcation or any element of larceny or embezzlement. As a result, the Ewers' complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

Dated: June 28, 2023          Respectfully submitted,

**ONSAGER | FLETCHER | JOHNSON | PALMER LLC**

*s/ Andrew D. Johnson*
   Andrew D. Johnson, #36879
600 17th Street, Suite 425 North
Denver, Colorado 80202
Ph: (720) 457-7061
ajohnson@OFJlaw.com
*Counsel for Joni and Dwight Mulberry*

## CERTIFICATE OF SERVICE

I certify that on June 28, 2023, a copy of the foregoing was served on Plaintiff's counsel and anyone requesting electronic notice through CM/ECF pursuant to the Federal Rules of Bankruptcy Procedure and the Court's Local Rules.

*s/ Barbara A. Moss*